IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TONEY MACK PARKER, JR., ) <br> ) <br> Petitioner, pro se, ) <br> ) <br> v. ) <br> ) <br> RICKY ANDERSON, Administrator, ) <br> Pasquotank Correctional Inst., ) <br> ) <br> Respondent. ) | **MEMORANDUM OPINION** <br> **AND RECOMMENDATION** <br> <br> 1:09CV30 |

This matter is before the court on a motion for summary judgment by Respondent (docket no. 5) in response to Petitioner Parker's pro se federal habeas petition (docket no. 2). On January 28, 2009, Respondent submitted a brief in support of the motion (docket no. 6), and on February 2, 2009, Petitioner filed a Reply in opposition to the motion (docket no. 8). The matter is, therefore, ripe for disposition. For the reasons stated herein, it will be recommended that the court grant Respondent's motion and deny the petition on the merits and as time-barred.

**I. Background**

Petitioner is a state court prisoner who, on February 1, 1996, in Guilford County Superior Court, pled guilty to three counts of robbery with a dangerous weapon and three counts of attempted robbery with a dangerous weapon, and was sentenced to three consecutive terms of 80-105 months imprisonment, in cases 95 CRS 56543-46, 20651-52. Petitioner was represented by Mark Hayes and did not appeal. On pages 4 and 5 of his sworn, pro se federal habeas application form,

Petitioner states that he filed motions for appropriate relief (MAR) on September 4, 2001, and June 11, 2002, in Guilford County Superior Court. Petitioner indicates these motions were dismissed.[1] Petitioner dated a pro se MAR August 18, 2006, and indicates that he submitted it to Guilford County Superior Court. It is unclear whether he obtained a ruling on this MAR.

On November 9, 2006, Petitioner filed a certiorari petition in the North Carolina Court of Appeals. The state filed its response on November 27, 2006. Certiorari was dismissed with prejudice on December 1, 2006. On or about July 17, 2008, Petitioner filed another pro se MAR in Guilford County Superior Court. The court summarily denied this MAR on August 8, 2008. On August 25, 2008, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. The state filed its response on September 2, 2008. Certiorari was denied on September 4, 2008. Petitioner filed a pro se petition for discretionary review in the North Carolina Supreme Court on October 6, 2008. The petition was dismissed on December 11, 2008. Petitioner dated his pro se federal habeas application form December 18, 2008, and filed it in this court on January 12, 2009.

In his federal habeas petition, Petitioner claims, as his sole ground for relief, that his sentence violates *Apprendi* and the United States Constitution.

---

[1] An order from the superior court indicates that Petitioner had "filed two previous MARs which were denied [by] Orders of this Court dated 11 June 2002 and 4 September 2001." *See* Supporting Br. Ex. 7; *see also id.* Ex. 9 (noting that Petitioner's MARs of 4 September 2001 and 11 June 2002 were denied).

## II. Discussion

Petitioner contends that his sentence was imposed in violation of the rule announced in *Apprendi*. In *Apprendi*, the Supreme Court held that "any fact [other than prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Petitioner argues that the trial judge found a fact–that Petitioner committed the offenses while on probation–which meant that Petitioner was assessed a fifth record level point, raising his prior record level to III. Petitioner contends that because this fact was not found by a jury, his sentence was in violation of *Apprendi.*

Contrary to Petitioner's Reply brief, the Fourth Circuit has consistently held that *Apprendi* states a new rule of procedural constitutional law and is, therefore, not applied retroactively to cases on collateral review. *See United States v. Sanders*, 247 F.3d 139, 148–51 (4th Cir. 2001) (finding that the rule established by *Apprendi* "[is] not the type[] of watershed rule[] implicating fundamental fairness that require[s] retroactive application on collateral attack," but rather is a rule of constitutional criminal procedure), *cert. denied*, 534 U.S. 1032 (2001). Further, since *Sanders* was decided, the Fourth Circuit has held that the rules announced in *Blakely v. Washington* and its progeny also cannot retroactively be applied in collateral

-3-

proceedings.[2] *See, e.g., United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (expanding the finding in *Sanders* to include *Blakely* and *Booker*). Accordingly, inasmuch as Petitioner is seeking retroactive application of *Apprendi* (and *Blakely*) in this collateral proceeding, his claim of sentencing error must summarily be rejected.[3]

In addition, Petitioner's claim is time-barred. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] In *Blakely,* the Supreme Court held that the "statutory maximum" sentence for *Apprendi* purposes is the maximum sentence that may be imposed solely based on the facts reflected in a jury verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts. 542 U.S. 296, 303-04 (2004).

[3] *Apprendi* was decided in 2000, and *Blakely* was decided in 2004, both well after Petitioner's claim became final in 1996.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. *See* 28 U.S.C. § 2244(d)(2). Finally, for petitioners whose convictions became final before the effective date of the AEDPA, the one-year period is not triggered by the date the conviction became final, but instead by the effective date of the AEDPA, April 24, 1996. Accordingly, petitioners whose convictions became final before the enactment of the AEDPA had until April 24, 1997, to file their petitions. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Here, Petitioner's conviction became final ten days after his February 1, 1996, judgments. *See* N.C. R. APP. P., Rule 4(a) (ten days to serve notice of appeal, amended effective October 31, 2001, to allow 14 days). Because Petitioner's conviction became final before the enactment of the AEDPA, he had had until April 24, 1997, to file his petition. Because Petitioner dated his pro se habeas petition form December 18, 2008, and filed it in this court on January 12, 2009, Petitioner's claim is well out-of-time, and neither his post-conviction motions or petitions, described above, nor the date on which the factual predicate of the claim (the contended *Apprendi* violation) could have been discovered through due diligence, can save his petition. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir.

2000) (subsequent motions or petitions cannot revive a period of limitations that has already run).

### III. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be **GRANTED** and that this action be dismissed with prejudice as being without merit and barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

_____
WALLACE W. DIXON
United States Magistrate Judge

March 3, 2009